J-S42009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY DAVID BOATRIGHT, | |
| Appellant | No. 844 WDA 2015 |

Appeal from the PCRA Order April 23, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0006318-2009, CP-02-CR-0009340-2009

BEFORE:  SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 11, 2016**

Appellant, Anthony David Boatright, appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We previously summarized the relevant factual underpinnings of the case and the procedural history, as follows:

> In 2009, two female relatives of Appellant, A. and M., reported that he sexually assaulted them during the summer of 2004 when they were nine and seven years of age, respectively.[1]  The trial court summarized the evidence as follows.
>
>> [1] Appellant was previously tried in April 2010. On appeal, this Court remanded the case for an evidentiary hearing to

---

[*]  Former Justice specially assigned to the Superior Court.

determine if the court erred in refusing to allow Appellant to introduce evidence that the victims had also made other allegations of sexual assault against three other individuals around the same time as the allegations against Appellant. [***Commonwealth v. Boatright***, 38 A.3d 916,] No. 1831 WDA 2010 [Pa. Super. filed November 9, 2011 (unpublished memorandum)]. The trial court concluded that it had erred, ordered a new trial, and this appeal followed. In the interim, two of the other individuals pled guilty to crimes involving A., and were serving their sentences. The third individual was awaiting sentencing. N.T., 10/17/12, at 4.

After the death of their mother, A. and M. had a transient living situation with their father and several girlfriends. One of the girlfriends had a teenage son who was mean to the girls, particularly A., who was then 9 years old, and used to taunt her and try to get her to jump out of the window and kill herself. When A. would not, the boy cut her wrists with a kitchen knife and threatened to kill M., then 7 years old, if she told. A. was hospitalized at Western Psych for some period of time and when she was released, the girls went to live with their paternal grandmother. Their grandmother took good care of the girls, but eventually became very ill with cancer. When her illness had progressed, the girls' uncle, the Appellant, moved in, purportedly to help his mother. When their grandmother was either receiving chemotherapy treatment or was in bed too ill to move, the Appellant touched the girls on their breast and vaginal areas with his hands and mouth and attempted sexual intercourse with A. He told the girls that if they told, they would all go to jail.

Trial Court Opinion, 7/11/13, at 2.

After a jury trial on October 17 and 18, 2012, Appellant was found guilty of the aforementioned charges and sentenced

- 2 -

to twenty-five to fifty years imprisonment. Appellant filed a timely post-sentence motion asserting, *inter alia*, that the verdict was against the weight of the evidence, which the trial court denied on December 18, 2012. Appellant filed the within appeal, complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the trial court issued its Rule 1925(a) opinion.

*Commonwealth v. Boatright*, 129 WDA 2013, 93 A.3d 506 (Pa. Super. filed December 10, 2013) (unpublished memorandum at *1). This Court affirmed the judgment of sentence, *id*., and our Supreme Court denied further review. *Commonwealth v. Boatright*, 16 WAL 2014, 92 A.3d 810 (Pa. filed May 21, 2014).

On September 3, 2014, Appellant filed a timely *pro se* PCRA petition. The PCRA court[1] appointed counsel, who filed a petition to withdraw and a *Turner*/*Finley*[2] no-merit letter on November 7, 2014. On November 13, 2014, the PCRA court filed an order permitting counsel to withdraw and entered notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the PCRA petition without a hearing. On April 23, 2015, the PCRA court dismissed the PCRA petition. Appellant, *pro se*, filed a timely notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[3]

_____

[1] The PCRA judge was also the trial judge.

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] We note that Appellant filed both a Pa.R.A.P. 1925 (b) statement and an amended statement. Both statements are a hodge-podge of nearly

*(Footnote Continued Next Page)*

Appellant raises the following six issues on appeal:

I.    Did the trial court [err] in upholding the sufficiency of evidence for [Appellant's] convictions against victim "M" when the record and testimony clearly show that [Appellant] was not named during any interviews or preliminary hearing testimony?

II.   Did the trial court [err] in upholding the sufficiency of evidence for [Appellant's] convictions against victim "AK" when the record and testimony demonstrate many inconsistant [sic] statements to include a complete denial of the sexual intercourse?

III.  Was appellate counsel ineffective for failing to raise the issue of jury bias?

IV.   Was the trial court biased in this case and should she have recused herself based on specific comments made and the failure to declare a mistrial when evidence came to light that Appellant was not getting a fair trial?

V.    Did the trial court [err] by not allowing the Appellant to appear at his evidentiary hearing?

---

*(Footnote Continued)* ——————————

undecipherable phrases, general references to case law, and unclear purported record citations. The PCRA court stated the following:

Both documents are a combination of handwritten notes, Case Headnotes, typewritten documents and word-processed documents—literally cut-and-pasted together. There is no discernible format or identification of issues to be raised. The text is nearly unintelligible and appears to be in the nature of stream-of-consciousness ramblings. Nevertheless, this [c]ourt has done its best to decipher the pleadings and has identified eight (8) claims of error to be reviewed.

PCRA Court Opinion, 1/14/16, at 3 (footnote omitted). Like the PCRA court, to the extent we are able to identify issues, in relation to the statement of questions in Appellant's brief, they will be addressed.

VI. Did the trial court violate [Appellant's] constitutional rights by sentencing him to three consecutive mandatory minimum sentences?

Appellant's Brief at 8 (full capitalization omitted).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003)).

To be entitled to PCRA relief, an appellant must establish, by a preponderance of the evidence, that 1) his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2);

2) his claims have not been previously litigated or waived, *id.* at § 9543(a)(3); and 3) the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational, strategic, or tactical decision by counsel. *Id.* at § 9543(a)(4).

Appellant's first two issues assert that there was insufficient evidence to support the verdicts. Appellant has not raised the issues in the context of ineffective assistance of counsel. As Appellant could have raised the claims in his direct appeal to this Court but did not do so, they are waived. *Commonwealth v. Lambert*, 797 A.2d 232, 240 (Pa. 2001) (PCRA petitioner's issues that could have been raised on direct appeal but were not, are waived under 42 Pa.C.S. § 9544(b)).

Additionally, even if not waived, the claims were previously litigated. While Appellant labels the issues as assailing the sufficiency of the evidence, the arguments in his brief, instead, focus on the credibility of the witnesses and challenge the evidence as inconsistent. It is well settled that a challenge to the credibility of a witness is a challenge to the weight of the evidence and not to the sufficiency of the evidence. *Commonwealth v. Lopez*, 57 A.3d 74, 80 (Pa. Super. 2012); *see also Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) (evidence challenged as incredible attacks the weight, not the sufficiency of the evidence); *Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999) (stating that

although the appellant phrased his claim as a challenge to the sufficiency of the evidence, the challenge actually concerned the weight of the evidence).

This Court, in Appellant's direct appeal, addressed the weight of the evidence and the claim that the victims' testimony was "uncorroborated, inconsistent, [and] questionable." **Boatright**, 129 WDA 2013 (unpublished memorandum at 2). These are the same claims asserted by Appellant herein. **See**, **e.g.**, Appellant's Brief at 14 ("there is enough reasonable doubt as to the credibility of this alleged victim"); Appellant's Brief at 20 ("the testimony is so inherently unreliable that a verdict based upon it could amount to no more than surmise and conjecture"). We concluded in our prior appeal that the trial court properly determined that "all of the credible evidence" supported the verdicts and that the verdict was not against the weight of the evidence. **Boatright**, 129 WDA 2013 (unpublished memorandum at 3) (citing Trial Court Opinion, 7/11/13, at 4). Thus, additionally, these claims were previously litigated and cannot be addressed again. 42 Pa.C.S. § 9543(a)(3); **see also Commonwealth v. Blakeney**, 108 A.3d 739, 749 (Pa. 2014) (An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2)).

Appellant's third issue alleges that prior counsel were ineffective for failing to assert the issue of jury bias. It appears that the Rule 1925(b) predicates for this issue are the following:

> 38.03 Legal Ruleings affecting juries [2] (5)
> Thus when atrial judge discharges a sworn juror and substitutes him/her with an alternate. (7) grounds for overturning a verdict may once again exist. Makeing full record with respect to all legal rulings affecting the jury may arise during trial.
>
> I was never told that a juror was removed and went I learned of it –I asked but was never told why –and it was never brought up during my trial
>
> Members of the jury was asked if they would give an unbias verdict or could they the answer was no.
> ReD FLAG )then the prosecutor asked if they could follow the judges direction and they answer yes . but this did not mean that they were'nt still bias and the verdict would'nt reflect their prejudice.

Pa.R.A.P. 1925(b) Statement, 7/28/15, at unnumbered 5 (*verbatim*). In addressing this issue in his brief, in addition to asserting a general claim of jury bias, Appellant avers that a juror was removed without his knowledge. He does not define the claim in terms of ineffective assistance of counsel, however, and contends the court gave an incorrect jury instruction.

To plead and prove ineffective assistance of counsel, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. ***Commonwealth v. Stewart***, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). Failure to establish any one

of these prongs will defeat an ineffectiveness claim. ***Commonwealth v. Mason***, 130 A.3d 601, 618 (Pa. 2015).

We first note that Appellant did not advance an issue of an incorrect jury instruction in his initial or amended Pa.R.A.P. 1925(b) statements. Therefore, that issue is waived. ***Commonwealth v. Riggle***, 119 A.3d 1058, 1070 (Pa. Super. 2015). Regarding the general issue of jury bias, the PCRA court stated that Appellant "appears to be averring that the guilty verdicts are proof that the jury was biased and prejudiced against him. Rather, to the contrary, the guilty verdicts are a function and result of [Appellant's] guilt, not proof that the jury was biased against him." PCRA Court Opinion, 1/14/16, at 6. We concur.

Regarding the claim that prior counsel were ineffective for failing to raise the claim that a juror was removed without Appellant's knowledge, that issue lacks arguable merit.[4] Our review of the record reveals that at trial, after the close of the Commonwealth's case and immediately after the luncheon recess on October 17, 2012, it was brought to the trial court's attention that Juror Number Two had overheard defense counsel talking to a colleague in the hallway.[5] N.T., 10/17/12, at 107. The trial court addressed

---

[4] The PCRA court did not address Appellant's contention that a juror was removed without his knowledge.

[5] There is absolutely no record support for Appellant's suggestion that the colleague was the prosecutor in the case. ***See*** Appellant's Brief at 24.

the allegation with the juror, who stated, "I only heard something in regards to a sure thing. Good luck, it's a sure thing, something like that." *Id*. The juror did not reveal this information to any other juror. *Id*. at 107–108. The juror advised the court that overhearing the discussion might influence his ability to be a fair and impartial juror. *Id*. at 108. Given the juror's equivocal response that he could not perform his duty as a fair and impartial juror, the trial court properly excused and replaced the juror. *Commonwealth v. Marshall*, 633 A.2d 1100, 1104 (Pa. 1993).

> [T]he test of disqualification is the juror's ability and willingness to eliminate the influence of his scruples and render a verdict according to the evidence. This determination is to be made by the trial judge based on the juror's answers and demeanor and will not be reversed absent a palpable abuse of discretion.

*Commonwealth v. Penn*, 132 A.3d 498, 502 (Pa. Super. 2016) (quoting *Commonwealth v. DeHart*, 516 A.2d 656, 663 (Pa. 1986)).

The issue of counsel's ineffectiveness related to Appellant's absence during the juror-substitution process lacks arguable merit. Here, the trial court properly dismissed and replaced Juror Number Two. The replacement juror was an alternate who presumably was seated in Appellant's presence. Appellant has not demonstrated that his presence was required; indeed, case law supports the conclusion that his presence was not necessary. *See Commonwealth v. Tharp*, 101 A.3d 736, 763 (Pa. 2014) (citing *Commonwealth v. Proctor*, 585 A.2d 454, 460 (Pa. 1991) (rejecting claim that trial counsel was ineffective for failing to object when the trial court

questioned a juror in chambers with trial counsel present but without the defendant being present)). Appellant is not entitled to relief on this issue.

Fourth, Appellant asserts the trial judge was biased against him and should have recused herself. Appellant's Brief at 28. Appellant has not raised the issue in the context of ineffective assistance of counsel. *Id*. As Appellant could have raised this issue in his direct appeal to this Court but did not do so, it is waived. *See Lambert*, 797 A.2d at 240 (issues that could have been raised on direct appeal but were not are waived under the PCRA); 42 Pa.C.S. § 9544(b) (issue is waived if petitioner failed to raise it, and it could have been raised before trial, at trial, on appeal, in habeas corpus proceeding, or in prior proceeding under PCRA).

In addition to waiver for failure to raise the issue on direct appeal, Appellant asserts allegations of bias in his brief that he did not raise in his Pa.R.A.P. 1925(b) statement. This issue is also waived for that reason. *Riggle*, 119 A.3d at 1070.

Even if not waived, the claim lacks merit. Regarding Appellant's statement of the issue in his Pa.R.A.P. 1925(b) statement, as reiterated in his brief, Appellant asserts that the trial court told the jury as they broke for lunch recess during the trial, "If you come back with a decision I like, I will take you all to lunch." Appellant's Brief at 30. The PCRA court addressed the allegation and stated as follows:

> [Appellant] argues that this [c]ourt demonstrated a bias against
> him by telling the jury "If you come back with a decision I like I

- 11 -

will take you all to lunch" (Concise Statement, 4/28/15, p. 3). A careful review of the record reveals that this [c]ourt never made any such statement and that [Appellant] has completely fabricated this allegation. The record as a whole demonstrates that this [c]ourt was appropriately impartial and treated [Appellant] fairly. This claim is meritless.

PCRA Court Opinion, 1/14/16, at 4. We have reviewed the record, and it does not support Appellant's allegation.

Appellant also avers that the trial court was "continually biased against him," and that upon retrial, the case should have been conducted by a different judge. Appellant's Brief at 29. In connection with this claim, Appellant underscores the trial court's comment **at sentencing** that it believed Appellant should "spend the rest of [his] life in jail." *Id*. at 30, 31 (emphasis added). Appellant avers that "[s]uch biases, prejudice and hostility" mandated the trial judge to "immediately call[] for a mistrial." *Id*. at 31, 33–34.

We discern nothing in the record to suggest that the trial court was biased against Appellant such that he was **deprived of a fair trial** "by preventing the jury from weighing and rendering a true verdict." ***Commonwealth v. Fortenbaugh***, 69 A.3d 191, 193 (Pa. 2013). No relief is warranted on this claim.

Appellant's fifth issue asserts that the trial court erred by not allowing him "to appear at his evidentiary hearing." Appellant's Brief at 35. The PCRA court responded to this allegation as follows:

Initially, [Appellant] argues that this [c]ourt erred in not allowing him to appear at the evidentiary hearing even though he "was there at court house" (Concise Statement 4/28/15, p. 3).

This [c]ourt does not understand [Appellant's] claim. There was no evidentiary hearing conducted in this case. [Appellant] was present for the entirety of trial, and in fact engaged in a colloquy with this [c]ourt prior to the commencement of trial (See Trial Transcript Vol. I, p. 3 -5). Insofar as the record reflects that [Appellant] was present for all parts of trial, this claim is meritless.

PCRA Court Opinion, 1/14/16, at 4.

We reproduce the Commonwealth's explanation, which we find entirely

plausible.

[Appellant] accuses the [PCRA] court of attempting to mislead your Honorable Court by stating that no evidentiary hearing was held (Brief for Appellant at 36); the Commonwealth suggests that [the PCRA court] apparently believed that [A]ppellant was referring to an evidentiary hearing on his PCRA petition—on which, in fact, no hearing was held—rather than, as it appears through the development of this claim in the Brief for Appellant, the evidentiary hearing held upon remand from your Honorable Court after his first appeal (see Docket Entry 54). Appellant's statement of this claim in his Concise Statement (Docket Entry 113 at page 4 under heading "Evidentiary Hearing") is so unparticularized that the [PCRA] court's inability to discern the nature of the claim is unsurprising. This claim has been waived. **Commonwealth v. Dowling**, 778 A.2d 683, 686-687 (Pa. Super. 2001); **Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011).

Commonwealth's Brief at 29.

- 13 -

In addition, Appellant cannot prove prejudice relating to his alleged absence from the hearing on remand.[6] Appellant suggests that his presence at any such hearing was mandated because he had "an absolute right" to "voice, and make record of the reasons why he believed his case should have been dismissed, and thrown out . . . ." Appellant's Brief at 36. Appellant is mistaken.

On November 9, 2011, this Court vacated Appellant's judgment of sentence and remanded to the trial court:

> to conduct an *in camera* hearing to assess the relevancy and admissibility of the evidence of A.B.'s and M.B.'s allegations of sexual assaults against other individuals. If after conducting that hearing, the trial court concludes that this evidence should have been admitted, then it shall proceed with a new trial for Appellant. On the other hand, if the court determines that the evidence was properly excluded, then it shall reinstate Appellant's judgment of sentence . . . .

***Boatright***, 38 A.3d 916, 1831 WDA 2010 (unpublished memorandum at 17) (internal citation omitted). Clearly, the only options before the trial court were to proceed with a new trial or reinstatement of the judgment of sentence. The trial court had no option to "throw out" Appellant's case. This issue lacks arguable merit.

---

[6] The Commonwealth asserts that a transcript of proceedings from June 8, 2012, that was filed of record, has not been located. Commonwealth's Brief at 29 n.5. Such proceedings would have been held after remand from this Court on November 9, 2011, and Appellant's retrial in October of 2012.

Finally, Appellant asserts that the trial court violated his "[c]onstitutional right by sentencing him to three consecutive madatory [sic] minimum sentences" in violation of ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151 (2013).[7]

The record does not contain a Commonwealth notice that it was seeking any mandatory minimum sentences. Further, the Guideline Sentencing Forms prepared in connection with the December 5, 2012 sentencing are not marked to indicate the applicability of mandatory minimum sentences (Docket Entry 73). Lastly, the trial court made no mention at sentencing of any mandatory minimum sentences (Docket Entry 84). Appellant is not entitled to relief. This issue lacks arguable merit.

Order affirmed.

---

[7] "[A] challenge to a sentence premised upon ***Alleyne*** . . . implicates the legality of the sentence and cannot be waived on appeal." ***Commonwealth v. Newman***, 99 A.3d 86,90 (Pa. Super. 2014) (*en banc*); ***but see Commonwealth v. Barnes***, 122 A.3d 1034, 1035 (Pa. 2015):

> ("[T]he Petition for Allowance of Appeal is GRANTED LIMITED TO the issues set forth below. Allocatur is DENIED as to all remaining issues. The issues, rephrased for clarity, are: (1) Whether a challenge to a sentence pursuant to ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), implicates the legality of the sentence and is therefore non-waivable.").

Moreover, this Court may address the legality of a sentence *sua sponte*. ***Commonwealth v. Watley***, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa. 2014).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/11/2016